### KEITHSBURG BRIDGE Co. *et al. v.* McKAY, Treasurer, *et al.*

*(Circuit Court, S. D. Iowa, C. D.* May 22, 1890.)

1. TAXATION—BRIDGE COMPANIES—VOID ASSESSMENT.

The assessment of a tax against a bridge company, owning a bridge across the Mississippi river from Iowa to Illinois, by the county auditor, (after the assessment lists for that year have passed from the assessor,) under Code Iowa, § 841, giving the county auditor power to correct the assessment or tax books, where such assessment is made as on personal property, when the only property owned by the company is part of its bridge and the approach thereto, is void, since Code Iowa, § 808, makes railroad bridges across the Mississippi river taxable as realty.

SAME—CANCELLATION.

In such case, where the bridge company is a non-resident of Iowa, the circuit court of the United States has jurisdiction to enjoin collection of the tax, and cancel it.

In Equity. Bill to restrain collection of tax, and to cancel same, as void and illegal.

*Anthony C. Daly,* for complainants.

*E. B. Tucker* and *Arthur Springer,* for defendants.

SHIRAS, J. The bill in this cause was filed for the purpose of restraining the collection of a tax standing against the Keithsburg Bridge Company in Louisa county, Iowa, and for the cancellation of the same upon the records, so as to remove the cloud cast thereby upon complainant's property, upon the ground that such alleged tax is wholly void. The case was submitted to the court upon the following agreed statement of facts:

"It is agreed, for purposes of trial in the above intervening matter:

"*First.* That the Keithsburg Bridge Company was, and is, and has always been since its organization in 1882, a corporation, resident, and a citizen of the state of Illinois; that E. L. Dudley was duly appointed receiver of the Central Iowa Railway by order of this court, in this cause, and that as such receiver, in the year A. D. 1887, and during the whole of said year, he was in the possession and control of the Keithsburg bridge, across the Mississippi river from a point on the Iowa shore in the township of Eliot and county of Louisa, Iowa, to the town of Keithsburg, on the Illinois shore, and of all of its appurtenances and approaches, and he was obligated to pay the valid taxes on said bridge property; that the defendants are citizens and residents of Iowa,

and of the southern district of Iowa, and were such citizens and residents at the time of the commencement of this suit and intervening bill.

"*Second.* That the said bridge company owned in said Louisa county, Iowa, only this, viz., the Keithsburg bridge across the Mississippi river, and the approaches thereto; that there are several hundred feet of the said bridge in Iowa, and several hundred feet of the approaches to said bridge in Iowa,—the bridge approaches being railway track, consisting of earth, ballast, piling, ties, steel rails, and timbers.

"*Third.* That the said bridge company did not own, in A. D. 1887, any personal property in Iowa, unless the said bridge across the Mississippi river, and the approaches thereto, are personal property.

"*Fourth.* That the said bridge company did not own any corporation stocks in A. D. 1887.

"*Fifth.* That no assessment was made against the bridge company for 1887, in Iowa, by the township assessor, or by the township board of equalization.

"*Sixth.* That in June, A. D. 1887, when the board of supervisors of Louisa county, Iowa, was in session as the county board of equalization, the county auditor was by the said board directed to assess the said Keithsburg Bridge Company, and the said auditor did so accordingly assess the said bridge company then and there, and at a later day of said June session the record of said board was written up and approved, and the following is a true copy of the record of the said board at the said June, 1887, meeting, so far as it relates to the matter in hand: 'In the matter of the assessment of the property of the Keithsburg Bridge Company which the assessor of Eliot township, of Louisa county, Iowa, has omitted to place upon the books of his township, it is ordered that the auditor of this county place said property upon the assessment books of Eliot township, and the tax-books of the county, at the assessed valuation of one hundred and eighty thousand dollars, ($180,000.00,) and that he extend such general and local taxes against said valuation as may be levied in Eliot township by the board of supervisors at their September, 1887, session, and each year thereafter.'

"*Seventh.* That the said auditor of said county of Louisa assessed the said Keithsburg Bridge Company, and the following is a true copy of the assessment made, and as entered upon the tax-books of said Louisa county:

| | CORPORATION STOCKS. | TOTAL PERSONAL PROPERTY. | TOTAL VALUE OF ALL PROPERTY. |
|---|---|---|---|
| Keithsburg Bridge Co., | $180,000.00. | $180,000.00. | $180,000.00. |

"*Eighth.* That neither the board of supervisors, as county board of equalization or otherwise, nor the county auditor, gave any notice to any one to the effect that the auditor was about to assess, or to any other effect; in fact, no notice whatever was given.

"*Ninth.* That neither the bridge company, nor the receiver, nor the railway company had any actual knowledge that any assessment was to be made of said bridge property; nor did they, or any of them, take any steps whatever to have said property assessed or taxed.

"*Tenth.* That the bridge company did not know that such assessment was made, neither did the receiver nor the railway company, until March, A. D. 1888.

"*Eleventh.* That the tax or assessment so made called for the payment of forty-nine hundred and five dollars, ($4,905.00.)

"*Twelfth.* That the Iowa law permits the payment of one-half of tax before April 1st, and payment of balance may be deferred to last day of September.

"*Thirteenth.* That the said receiver, in accordance with contract between said bridge company and said railway company, paid to said treasurer of said

county on the 31st day of March, 1888, one-half of said tax, viz., twenty-four hundred fifty-two dollars and fifty cents, ($2,452.50:) and the said receiver and the said bridge company filed with and presented to the said board of supervisors a petition praying the cancellation of the said tax and assessment, and the refunding of the sum paid thereon, and the board of supervisors denied the prayer, and rejected the claim.

"*Fourteenth.* That no other assessment was made to the Keithsburg Bridge Company for the year 1887 in Louisa county, Iowa, than as stated in this agreement as aforesaid.

"And this agreement is made to save the taking of testimony, and is to be used in lieu thereof.

[Signed]    "E. B. TUCKER,
             "ARTHUR SPRINGER,
                   "Attys. for Defts., the Board of Supervisors of
                    Louisa County, and McKay, Treasurer.
             "ANTHONY C. DALY, for Complainants."

From this statement of facts it appears that the bridge company owned in Iowa no property other than that portion of its bridge lying within the limits of the state, including the approaches thereto. Under the provisions of the Code of Iowa, railroad bridges across the Mississippi river are taxable as realty belonging to the bridge company. Code Iowa, § 808. It is admitted that the bridge owned no corporate stocks, and its own shares could not be taxed to itself. The assessment, therefore, against the company, made by the county auditor, of $180,000 of personal property, had no foundation in fact to rest upon. It is not a mistake in the valuation of property; that is, an overassessment. It appears that the board of supervisors of the county, at its June session in 1887, discovered that there was no assessment made against the Keithsburg Bridge Company. Thereupon the county auditor was directed to make an assessment thereof. The assessment was made as already stated, and is to be deemed to be the act of the auditor under the power granted to him by section 841,[1] of the Code of Iowa. The difficulty is that the agreed statement of facts shows that there was no such property belonging to the bridge company as was assessed against it. It is admitted that this assessment was made in fact after the lists had passed from the assessor, and through the township board of equalization. No notice of the making thereof was in any manner actually given to complainant. Unless a court of equity can entertain jurisdiction to give relief, it follows that the complainant is assessed with a tax based upon an assessment made in form against it upon the assumption that it had personal property of the character named which in fact it never owned, and for which it could not be properly taxed. I entertain no doubt that, under the facts shown in the stipulation signed by the parties, the case is one in which the interposition of the court can be invoked; otherwise, the party has had a tax assessed against him without any opportunity, actual or constructive, to question its correctness. A party cannot be subjected to a tax without his day in court, as the phrase is; that is, some time

---

[1] Section 841 gives the county auditor power to correct any error in the assessment or tax book.

and tribunal must be open to him wherein he may be heard for the protection of his rights. If such opportunity is not afforded otherwise, then he may appeal to the proper court for his protection. There is nothing in the facts that should stay the action of the court in his behalf. The property of the complainant, to-wit, the bridge and its approaches, so far as the same are within the boundaries of the state of Iowa, was property open to the knowledge of the county officials. It was not concealed nor hidden. The assessor neglected to assess it at the proper time. If the auditor had properly assessed the bridge, with notice, actual or constructive, to the complainant, such assessment would have been valid; but instead of so doing the auditor made an assessment against complainant of property not owned by it, and now it is insisted that the latter should be allowed to stand as the equivalent of the assessment that ought to have been made, but which was not made. This cannot be done. The result is that the assessment in question, and the tax based thereon, must be held wholly void, and the bridge company is entitled to a decree for the cancellation thereof, and the removal of the cloud caused thereby upon its property. The question of the right to recover back the portion of the tax paid by the Iowa Central Railway Company is not presented in the pleadings, and is not considered or determined by the court.